James M. Sullivan, Esq.
WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
E-mail: jsullivan@windelsmarx.com

*Attorneys for Defendant*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
: 
In re: : Chapter 11
: 
SUNEDISON, Inc., *et al.*, : Case No. 16-10992 (SMB)
: 
       Reorganized Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------X
: 
SUNEDISON LITIGATION TRUST, :
: 
       Plaintiff, : Adv. Pro. No. 18-01256 (SMB)
: 
   v. :
: 
BRAUX UK LIMITED, :
: 
       Defendant. :
: 
---------------------------------------------------------------X

**ANSWER TO FIRST AMENDED COMPLAINT TO:**
**(I) AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND**
**550; AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Defendant Braux UK Limited ("Defendant"), by and through its undersigned attorneys,

as and for its answer to the First Amended Complaint to: (I) Avoid and Recover Transfers

Pursuant to 11 U.S.C. §§ 547, 548 and 550 and (II) Disallow Claims Pursuant to 11 U.S.C. §

502(d) (the "Complaint") of SunEdison Litigation Trust (the "Trust" or "Plaintiff"), states as follows:

## NATURE OF THE CASE

1. Paragraph 1 of the Complaint does not allege any facts to which a response is required. To the extent a response is required, Defendant denies each and every allegation of paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint does not allege any facts to which a response is required. To the extent a response is required, Defendant denies each and every allegation of paragraph 3 of the Complaint. Defendant states that it does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Defendant admits that this adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (F), and (H). Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

## BACKGROUND

**A. The Parties**

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. Defendant admits that it was a creditor of the Debtors prior to the Petition Date.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

**B. Events Leading to the Debtors' Financial Collapse**

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

## **CLAIMS FOR RELIEF**

### **FIRST CAUSE OF ACTION**
### **(Avoidance and Recovery of Preferential Transfers)**

21. Defendant restates and incorporates by reference its responses to paragraphs 1 through 20 to the Complaint as if fully set forth herein.

22. Defendant admits that it received certain payments from the Debtors prior to the Petition Date but denies that the information listed on Exhibit A attached to the Complaint is accurate.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendant admits that it was a creditor of the Debtors during the 90 days preceding the Petition Date but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint

25. Paragraph 25 of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 25 of the Complaint, except to admit that it received certain payments from the Debtors prior to the Petition Date.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant

denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

## SECOND CAUSE OF ACTION
### (Avoidance and Recovery of 90-Day Fraudulent Transfers)

31. Defendant restates and incorporates by reference its responses to paragraphs 1 through 30 to the Complaint as if fully set forth herein.

32. Defendant denies each and every allegation contained in paragraph 32 of the Complaint.

    a) Paragraph 32(a) of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32(a) of the Complaint.

    b) Paragraph 32(b) of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32(b) of the Complaint.

    c) Paragraph 32(c) of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32(c) of the Complaint.

33. Paragraph 33 of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant denies each and every allegation of paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant denies each and every allegation of paragraph 34 of the Complaint.

### THIRD CAUSE OF ACTION
### (Avoidance and Recovery of Additional Fraudulent Transfers)

35. Defendant restates and incorporates by reference its responses to paragraphs 1 through 34 to the Complaint as if fully set forth herein.

36. Defendant denies each and every allegation contained in paragraph 36 of the Complaint.

    a) Paragraph 36(a) of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36(a) of the Complaint.

    b) Paragraph 36(b) of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36(b) of the Complaint.

    c) Paragraph 36(c) of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a

response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36(c) of the Complaint.

37. Paragraph 37 of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant denies each and every allegation of paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint refers only to legal conclusions and does not allege any facts to which a response is required. To the extent a response is required, Defendant denies each and every allegation of paragraph 38 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(Disallowance of Claims)**

39. Defendant restates and incorporates by reference its responses to paragraphs 1 through 38 to the Complaint as if fully set forth herein.

40. Defendant denies each and every allegation contained in paragraph 40 of the Complaint, except to admit that it received certain payments prior to the Petition Date.

41. Defendant denies each and every allegation contained in paragraph 41 of the Complaint.

In response to the prayer for relief following Paragraph 41 and beginning with the word "WHEREFORE," Defendant denies that the Plaintiff is entitled to the relief sought in paragraphs (a) through (e).

**AFFIRMATIVE DEFENSES**

Defendant expressly reserves the right to amend and/or supplement its answer, defenses and all other pleadings. Defendant raises each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, regulations or other creations,

including the common law.  Defendant has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it and therefore reserves the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise, including, but not limited to all rights and defenses available under Bankruptcy Rules 7008(c) and 7012, and the right to assert a claim under section 502(h) of the Bankruptcy Code.  In the event it is later determined any defense was required to have been raised in this answer, this answer shall act as having raised the foregoing defenses herein.

## **FIRST AFFIRMATIVE DEFENSE – SECTION 547(C)(1)**

The alleged transfers sought to be avoided in this action were, upon information and belief, intended by the Debtor and the Defendant to be contemporaneous exchanges for new value given to the Plaintiff and were, in fact, substantially contemporaneous exchanges.

## **SECOND AFFIRMATIVE DEFENSE – SECTION 547(C)(2)**

The alleged transfers sought to be avoided in this action were, upon information and belief, made in payment of debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and the Defendant, made in the ordinary course of business or financial affairs of the Debtor and the Defendant, and made according to ordinary business terms.

## **THIRD AFFIRMATIVE DEFENSE – SECTION 547(C)(4)**

The alleged transfers sought to be avoided in this action are not avoidable because after such transfers were allegedly made, the Defendant gave new value to or for the Debtor's benefit which was not secured by an otherwise unavoidable security interest, and on account of which

new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

### FOURTH AFFIRMATIVE DEFENSE – REASONABLY EQUIVALENT VALUE

The alleged transfers sought to be avoided in this action are not avoidable because the Debtor received reasonably equivalent value from the Defendant in exchange for any such transfers it received.

### FIFTH AFFIRMATIVE DEFENSE – SECTION 548(C)

The alleged transfers sought to be avoided in this action are not avoidable because the Defendant took any such transfers for value and in good faith and gave value to the Debtor in exchange for such transfers.

### SIXTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's claims are barred, in whole or in part, on the grounds that they fail to state a cause of action on which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE – ESTOPPEL

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE – WAIVER

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE – LACHES

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE – EARMARKING DEFENSE

Plaintiff's claims are barred, in whole or in part, by the earmarking doctrine because the transfers were the proceeds of a loan made to the Debtor for the specific purpose of repaying debts owed to the Defendant.

### TWELFTH AFFIRMATIVE DEFENSE – CONDUIT DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Defendant was merely a conduit in the transfer of property from the Debtor to third parties.

### THIRTEENTH AFFIRMATIVE DEFENSE – AGENCY DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Defendant was merely acting as the Debtor's agent and any transfers the Defendant received were paid in accordance with the Defendant's agency agreement with the Debtor.

### FOURTEENTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS DEFENSE

Plaintiff's claims are barred, in whole or in part, because the statute of limitations for bringing the claims had already expired.

### FIFTEENTH AFFIRMATIVE DEFENSE – LACK OF PERSONAL JURISDICTION

Plaintiff's claims are barred, in whole or in part, because of lack of personal jurisdiction.

### SIXTEENTH AFFIRMATIVE DEFENSE – LACK OF SUBJECT MATTER JURISDICTION

Plaintiff's claims are barred, in whole or in part, because of lack of subject matter jurisdiction.

### SEVENTEENTH AFFIRMATIVE DEFENSE – LACK OF DOMESTIC NEXUS

Plaintiff's claims are barred, in whole or in part, because the alleged transfers lack a domestic nexus and occurred beyond the territorial reach of the provisions of the U.S. Bankruptcy Code under which plaintiff seeks to recover.

**WHEREFORE**, the Defendant requests that this Court dismiss the Plaintiff's Complaint with prejudice, tax costs against the Plaintiff, and award the Defendant such other and further relief as the Court may deem just, equitable and proper.

## JURY TRIAL DEMAND

Pursuant to Bankruptcy Rule 9015(a), the Defendant hereby demands a jury trial on all issues triable of right by a jury.

Dated: New York, New York
March 25, 2019

                          **WINDELS MARX LANE & MITTENDORF, LLP**

By: /s/ James M. Sullivan
     James M. Sullivan
     156 West 56th Street
     New York, NY 10019
     Tel: (212) 237-1000
     Fax: (212) 262-1215
     E-mail: jsullivan@windelsmarx.com

*Attorneys for Braux UK Limited*